CASE 73—PETITION ORDINARY—APRIL 23.

# Franke v. Paducah Water Supply Company.

88   467
f126   249

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. CONSTITUTIONAL LAW—RIGHT TO EXERCISE ONE'S TRADE.—Neither the Legislature of the State nor the council of a city can delegate to a corporation or to an individual the power to determine who shall exercise a particular trade, and to provide penalties for misconduct or neglect in the discharge of his duties.

2. SAME—POWERS OF WATER COMPANY.—Where a water company has been permitted to use the streets of a city for the purpose of laying down its pipes in consideration that it will furnish water to the city and its inhabitants, it has no right to prohibit such a connection with its main pipes as is necessary for the supply of water to private dwellings or for private use, or to dictate who shall be employed for that purpose. The right of determining who is qualified to make the connection is not with the company, but with the city, which may require a license of all plumbers; but the city can not delegate this power.

The appellant seeks by this action against appellee to recover damages for the refusal of appellee to permit him to exercise his calling as a plumber by refusing permission to him, or to those who desire to employ him, to connect the plumbing done by him with its water mains.

Franke v. Paducah Water Supply Company.

*Held*—That the petition states a cause of action. Even if the charter and ordinances of the city could be construed to empower the appellee to prevent the appellant from thus exercising his calling, they would be in violation of the organic law of the State.

W. G. BULLITT and R. L. REEVES for appellant.

1. The Paducah Water Supply Company being a public agent may be compelled by law to deal with all persons, without discrimination against any. For every unlawful act, resulting in injury, there is a remedy. (Cooley on Torts, 278; Munn v. Illinois, 94 U. S., 113; Bronson v. Green, 2 Duvall, 235; Payne v. W. & A. R. R. Co., 13 Lea, 507; State v. Stewart, 59 Vt., 273; Cooley's Constitutional Limitations, 249.)

2. Proof of a conspiracy and willful tort resulting therefrom entitles the injured party to punitive damages. (Sutherland on Damages, volume 1, pp. 716-71; *Idem*, volume 3, p. 295.)

BURNETT & DALLAM for appellee.

1. Plaintiff has no cause of action in the absence of any attempt upon his part to comply with the rules and regulations adopted by defendant. It was incumbent upon him to aver a compliance with all conditions precedent. (Escott & Son v. White, &c., 10 Bush, 172; 1 Chitty's Pleading, 327.)

2. The rules adopted by the defendant are general in their nature, and are as reasonable as it is possible to devise consistent with safety to the company.

3. Even though the alleged refusal was arbitrary and despotic, it is merely the private concern of defendant, and plaintiff could have no valid complaint.

4. The damages sought to be recovered are too uncertain and remote, even if damages could be allowed at all. (Hadley v. Baxendale, 9 Exch., 353; Griffin v. Colven, 16 N. Y., 493; Sedgwick on Damages, p. 71; Chamberlain v. McCallister, 6 Dana, 353.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant brought this action against the appellee to recover damages for the refusal of the latter to permit him to exercise his calling as a plumber, in refusing permission to him, or those who desired to employ him, to connect the plumbing done by him in any manner with the water mains of the appellee. The court below ad-

judged that the facts alleged by him did not authorize a recovery and dismissed his petition.

The appellee, the Paducah Water Supply Company, had, by some contract with the city, the right to maintain water-works in the city of Paducah, and to lay down its pipes and mains in and along all the streets and alleys for supplying water for domestic and other purposes for the period of forty years, with the privilege on the part of the city to purchase the works within a certain period. The appellee is the successor of I. A. Jones & Co., of the city of St. Louis, and its pipes and mains have been established under the contract with the city, the validity of which (the contract) is not involved in this case, nor is the right of the appellee to lay down and operate its pipes in the streets of the city to the exclusion of the appellant questioned. The obligation of the appellee is to furnish water for public and private use, those taking water for private use being required to construct and keep in repair, at their own expense, the pipes and fixtures on their premises that connect with the main or pipes of the company in the streets. The city, on its part, agrees to pass all ordinances necessary to protect the property of the company from damages, and in accordance with this agreement an ordinance was passed providing that " whoever shall, by himself, or by " any person acting under his authority, use or take water " from any part of the works of said company without a " license or permit, or shall, without authority from said " company, open, hitch to, dig out, cover over, deface, " destroy, remove or obstruct any fixtures " connected

with said water-works, shall be fined not less than five nor more than fifty dollars.

The appellant, in the legitimate prosecution of his calling as a plumber, desired to construct or connect by pipes, to be laid on the premises of a number of citizens, with the mains or pipes of the company in the street, so as to provide water for the families and dwellings of those who proposed to avail themselves of the privileges or benefits of the contract between the city and the appellee. He was met with a refusal by the company for the reason that he had not been licensed by them to follow his vocation, and for the additional reason that he had failed to execute a bond, payable to the company, in the penalty of one thousand dollars, to pay it any damages that might be sustained by reason of the negligent exercise of his work or his action as a plumber. These requisites to the exercise of such a calling are prescribed alone by the regulations and by-laws of the company, and are alleged to be valid because the company has the right to manage and control its own property, and to prescribe the terms upon which they will enter into business transactions with others.

By the terms of the contract between the city of Paducah and the appellee, it has been permitted to exercise this valuable right of appropriating a part of the streets to its own use in consideration that it will furnish water to the city and its inhabitants, and, while the company is under an obligation to lay down pipes in the streets and alleys of the city so as to make the water accessible to the citizen for his private use, by a connection with pipes to be constructed and paid for by the

owner of the premises, there is no obligation requiring the company to furnish the citizen with the connecting pipes, or any right on the part of the company to enter and lay down pipes upon private property for that purpose, and the citizen must, therefore, contract with the company or some other person for the construction of these connecting pipes.

It is insisted that the company, under its charter, can select the person who is to contract with the citizens, and that no one without a license from that corporation can discharge such a duty, and not even then without executing a bond to the company, with such a penalty as it may prescribe.

When the company undertook the performance of this public duty it devoted its property, including its mains, to the public use; and, while it will be permitted to control and use its property for the purposes contemplated, it has no right to prohibit such a connection with its main pipes as is necessary for the supply of water to the private dwelling or for private use, or to dictate to the owner who he shall employ for that purpose, or prevent one whose education and experience fit him for the business of a plumber, from laying down pipes and connecting them with the main pipes of the appellee. The second section of the ordinance adopted on the 28th of February, 1887, and approved in March following, confers no power on the company to prescribe the qualifications of a plumber or the conditions upon which he shall exercise his occupation, and if such a power had been conferred it would be in plain violation of the fundamental law of the city. A delegation of power to one

corporation or to one man in a city of determining who shall exercise a particular trade, and to provide penalties for misconduct or neglect in the discharge of his duties, is also in plain violation of the organic law of the State. The effect of this legislation on the part of the appellee is to destroy the trade and profession of the appellant, and to compel the citizen either to employ the company, or some one named by it, and none other, to enter on his premises and perform labor for his private use, that the company is under no obligation whatever to perform. That the connection should be properly made can not be questioned, and by one competent to make it, but the right of determining who is qualified is not with the company.

That the council of the city may require a license of all plumbers for the protection of its people from fraud and imposition may be conceded; but when such power is conferred upon a corporation, it is such a delegation of legislative control as can not be sanctioned. In this case the exercise of appellant's vocation in the city where he lives is destroyed, and the rights of the citizen placed in the hands of the corporation, to be disposed of as the corporation may see proper.

In our opinion the facts alleged present a cause of action, and therefore the judgment is reversed and remanded, with directions to overrule the demurrer, and for proceedings consistent with this opinion.

———

To a petition for rehearing, Judge Pryor delivered the following response of the court:

The right of the water company to adopt reasonable

rules and regulations in regard to the use of its property, although devoted to the public use, is unquestioned, and in every way essential to the performance of its contract with the city; but when it undertakes to issue permits to those who, in the exercise of their vocation as plumbers, contract with the citizen to lay down pipes upon his own property connecting with the main pipe of the appellee in the street, and to exact a bond that he will save the company harmless by reason of his undertaking, the company is enlarging its right to control its own property by exercising the power of controlling the rights of others.    It is neither a reasonable nor lawful regulation, and counsel misconceive the effect of the opinion in assuming the opinion of this court to be that any one may make connection with the main pipe and such changes as may be deemed proper in water fixtures, etc., without consulting the company.    The owner of property desiring to use the main pipe of the company, by means of a connecting pipe, so as to carry water to his private dwelling, contracts with the company for its use, and in offering one skilled in the business to make the connection for him, can not be met with the objection that he has no permit and has failed to execute a bond with surety, as required by the company.    The connection will be made under the supervision of the company, and at a point convenient for the owner of the dwelling, and not wherever the owner may desire, and in such manner as may be suggested by the party employed to do the work.    Any other rule would enable the company to select its own men for the work and place the citizen at the mercy of the corporation.    It is argued that the effect

·of the opinion is to subject the company to loss by the acts of those incompetent to do the work. If this be so, the company has its action for damages against the plumber causing the loss, or even against the owner of the property if he knows the person employed is un-skilled in the business. The company is under no obligation to lay down these connecting pipes, and should not be allowed to prevent those who have the right to make the connection, if done in a proper manner. It is not doubted that it requires skilled labor to perform this work, but it is denied that the company has the right to determine who is and who is not skilled in the discharge ·of such duties. It is admitted that the appellant in this ·case is competent to do the work—that he is skilled in the business, but is denied the right to follow his vocation in so far as it has any connection with the company, because he has no license or permit from the company, and has refused to execute to it a bond of indemnity.

The illustration given by counsel as to the right of railroads, by regulation, to charge a passenger a greater rate per mile for his failure to purchase a ticket at the office, would apply to this case with more force if the railroad company had undertaken to charge the passenger a higher price for freight because he failed to employ a drayman, having a permit with peculiar privileges from the road, to haul his freight from the business house to the cars.

We recognize the importance of permitting the company to adopt such rules for the protection of its property and the performance of its undertaking as are just and proper, but such rules as are adopted by the company in

this case should come from the city, and doubtless will, if the danger apprehended by counsel must necessarily or will likely result from the limitation placed upon the attempted exercise of power by the company in the present case. The fact that the damages the plaintiff may be entitled to recover will be merely nominal will not authorize an affirmance, nor do we decide, as the question is not before us, the extent of recovery in the event the appellant makes out his case.

Petition overruled.