CASE 43—INDICTMENT—NOVEMBER 9.

## Mounts v. Commonwealth.

APPEAL FROM PIKE CIRCUIT COURT.

1. CONTINUANCE—ADMISSION OF AFFIDAVIT AS EVIDENCE.—An admission by the Commonwealth that the defendant in a criminal case can prove the facts set out in his affidavit for a continuance, and that it may be read in evidence to the jury, is not sufficient to justify the court in requiring the defendant to go to trial in the absence of his witnesses, if it appear, from his affidavit, that their evidence is material for his defense, and he has used proper diligence to procure their attendance.

2. To AUTHORIZE THE WITHDRAWAL OF A PLEA OF GUILTY after verdict,.

Mounts v. Commonwealth.

there must exist such reasons as would be sufficient to justify the granting of a new trial.

3. IF THE DEFENDANT IS INDUCED TO ENTER A PLEA OF GUILTY by the threats or promises of the court or attorney for the Commonwealth, and is thereby overreached or deceived, even in respect to the extent of punishment, permission should be given, even after verdict, to withdraw the plea and substitute a plea of not guilty, a new trial being granted for that purpose.

4. A PLEA OF GUILTY does not deprive the Commonwealth of the right to introduce evidence bearing upon the question of punishment where the offense charged is of different degrees, or is punishable, in the discretion of the jury, in different degrees of severity, unless such plea has been entered upon the faith of a promise by the court or attorney for the Commonwealth that the minimum punishment will be inflicted.

W. M. CONNOLLY FOR APPELLANT.

1. The court erred in allowing the Commonwealth to introduce a witness to inflame the minds of the jury after appellant had entered a plea of guilty.

2. The appellant should have been allowed to withdraw his plea of guilty, and enter a plea of not guilty. (Criminal Code, sec. 174; 17 American Law Rep., 567; People v. McGregory, 41 Cal., 458; Gardner v. People, 4 Criminal Law Magazine, 881; Myers v. State, 18 N. E. Rep., 42; Davis v. State, 20 Ga., 674; Sanders v. State, 85 Ind., 318; State v. Stevens, 71 Mo., 535; State v. King, 71 Mo., 551; State v. Colton, 4 Fost. (N. H.), 143; State v. Ochsley, 38 Iowa, 297.)

P. W. HARDIN, ATTORNEY-GENERAL, AND S. G. KINNER FOR AP-PELLEE.

1. In a case like this it is left to the discretion of the trial judge to grant or refuse the motion to withdraw a plea of guilty, but this discretion is a judicial one, and before such a motion should prevail, the defendant should at least make a shadow of a showing that his substantial rights have been prejudiced, and that a trial with the plea of not guilty would result in a verdict less harsh than the one already imposed. (Criminal Code, sec. 174.)

2. Notwithstanding a plea of guilty, the Commonwealth to increase, or the defendant to mitigate, the punishment may introduce witnesses (Cornelison v. Commonwealth, 84 Ky., 592.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

It appears from the bill of exceptions that when the case was called for trial the attorney for the Common-

wealth announced the plaintiff ready, but appellant submitted a motion for continuance based on an affidavit, and thereupon the attorney for the Commonwealth admitted the defendant could prove the facts set out in his affidavit, and that it might be read in evidence to the jury. Such an admission is not sufficient to justify the court in requiring a defendant to go to trial in the absence of his witnesses, if it appear from his affidavit their evidence is material for his defense, and he has used proper diligence to procure their attendance. But as the affidavit is not before us, we can not say the statements contained in it were sufficient to entitle the defendant to a continuance. Moreover, it appears he withdrew the affidavit, and then, in open court, entered a plea of guilty to the charge of murder contained in the indictment; and the jury having been duly empaneled and sworn, after hearing the evidence of one witness returned a verdict of guilty, fixing the punishment at death.

On the day following the verdict the defendant entered a motion to permit him to withdraw the plea of guilty and enter a plea of not guilty, accompanying which motion was a statement to the effect that he was induced to enter the plea of guilty, believing the jury would be merciful to him and spare his life; but that the attorney for the Commonwealth introduced as a witness the mother of the person killed, and the character and manner of her testimony was such as calculated to arouse the passions and prejudices of the jury, and to induce them to inflict the severest penalty. He further stated that he believed, if permitted to withdraw the plea of guilty, and have a full and fair trial

of the charge against him, his life will at least be spared. But the motion was overruled, as was also the one made for a new trial, which was based on the grounds of refusal of the court to permit him to withdraw the plea of guilty, and error in permitting the introduction by the Commonwealth of the witness after the plea of guilty had been entered.

Section 174, Criminal Code, is as follows: "At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

Though it is provided in that section the plea may, with permission of the court, be withdrawn at any time before judgment, obviously the intended effect of such proceeding, if occurring after the verdict of the jury has been rendered, is to retry the case, and, consequently, to authorize it to be then done there must exist such reasons as would be sufficient to justify the granting of a new trial.

A plea of guilty is inevitably followed by conviction of the offense charged in the indictment, and the only question left open in such case is the nature and extent of punishment to be inflicted, which is still within the legal discretion of the jury. Nevertheless, if the court or attorney for the Commonwealth, by threats or promises, induces a defendant in a criminal prosecution to enter a plea of guilty, and he is thereby overreached or deceived, even in respect to the extent of punishment, permission should be given to him to withdraw the plea, and substitute a plea of not guilty, although a verdict has been rendered, a new trial being granted for that purpose.

But it appears the defendant in this case voluntarily, and of his own motion, without persuasion or promise, by either the court or Commonwealth's Attorney, entered the plea of guilty, the nature of which he was aware of; and the only reason given for asking permission to withdraw the plea is, that the attorney for the Commonwealth was permitted by the court to introduce a witness who testified concerning the circumstances under which the murder charged was committed.

We do not think the Commonwealth can, by the voluntary act of a defendant entering a plea of guilty, be deprived of the right to introduce evidence bearing upon the question of punishment when the offense charged is of different degrees, or is punishable, in the discretion of the jury, in different degrees of severity, unless such plea has been entered upon the faith of a promise or assurance by the court or attorney for the Commonwealth the *minimum* punishment will be inflicted.

In this case no such promise or assurance was given; on the contrary, it appears the attorney for the Commonwealth gave notice that, notwithstanding the plea of guilty, he would insist on the introduction of the witness who did testify; and although the record shows the defendant objected to the testimony of that witness when offered, no motion was then made for permission to withdraw the plea of guilty, and substitute a plea of not guilty.

It seems to us that as the defendant, of his own volition, took the risk of the jury inflicting the penalty of death for the crime of murder, of which he pleaded

guilty, it was not error to overrule his motion to with-draw the plea, and perceiving no error of law in any other respect occurring during the trial to the prejudice of his substantial rights, we are constrained to affirm the judgment.