CASE 81.—PROSECUTION AGAINST LOUISE B. HOLTMAN FOR BREACH OF THE PEACE.—October 9.

## Holtman v. Commonwealth

Appeal from Jefferson Circuit Court (Criminal Branch).

JOSEPH PRYOR, Judge.

Appellant was convicted in a justice's court, and appealed to the Circuit Court, which dismissed her appeal, from which order she appeals.—Reversed.

1. Criminal Law—Appeal—Dismissal Improper—Plea of Guilty.— One appealing to the circuit court from a conviction of disturbing the peace on a plea of guilty had the right to introduce evidence to mitigate the punishment without attempting

Holtman v. Commonwealth.

to withdraw the plea; the magistrate having fixed the punish-ment at the maximum limit.

2. Same—Plea of Guilty—Effect.—A plea of guilty in justice court of disturbing the peace did not prevent accused from appealing to the circuit court, nor deprive her of the right to a trial de ,novo expressly provided for by Crim. Code Prac. sections 174, 366; she having the right to withdraw her plea at any time during her trial in the circuit court.

3. Same—Evidence—Duress.—Where, in a trial de novo in the 'circuit court on accused's appeal from a conviction in jus-tice court, the Commonwealth introduces as tending to show guilt a plea of guilty in justice court, accused can show that the plea was obtained through duress.

D. MOXLEY for appellant.

We contend that this case should be reversed because:

1. One may appeal from an erroneous judgment no matter what the plea. One does not appeal from the plea but from the judgment.

2. The right to appeal is purely statutory. The Code allows an appeal from a judgment if it be "for imprisonment or for a fine of $20 or more." One may appeal on the question of the extent of the punishment inflicted if from nothing else.

3. The record shows uncontradictedly that the plea was not a voluntary one.

4. The record does not show that appellant waived the right to a jury trial. (Irvine v. Comth., 5 Dana, 216.)

5. Section 366 of the Code provides that an appeal from a magistrate's court: "The case shall be tried anew as if no judg-ment had been rendered." Therefore when the defendant arrived in the circuit court there was no plea in the case. Guilty or not guilty must be pleaded afresh.

6. Section 174, Criminal Code, allows the withdrawal of the plea of guilty. This is not material as the defendant might allow the plea to remain and try the case before a jury on the extent of the punishment. (Cornelison v. Comth., 84 Ky., 592; Mounts v. Comth., 89 Ky., 277.)

JAMES BREATHITT, Attorney General, and TOM B. Mc-GREGOR, Assistant Attorney General.

We submit that if this case had not been dismissed by the circuit court under section 366 of the Criminal Code, it would

Holtman v. Commonwealth.

have stood for trial de novo, and it would not have been necessary for appellant to have entered a written motion to withdraw her former pplea of guilty in the magistrate's court below, but could have entered there the plea of "guilty," "not guilty," or "former conviction or acquittal," and have demanded a jury trial, as the trial would have been de novo absolutely, and she would have been at liberty to have entered either one of the above plas, and not have been bound by the plea she entered in the lower court.   Criminal Code, secs. 174, 362, 363; Ky. Stats., sec. 1268.)

PRYOR, SAPINSKY & CASTLEMAN, Associate Counsel.

AUTHORITIES CITED.

Provisions of Criminal Code, sec. 13, sub-sec. 6; secs. 331, 366 and 369; Ky. Stats., sec. 1085; "Judicial confession is conclusive;" sec. 1254a Bishop's New Crim. Procedure, vol. 1; sec. 1261 same volume; Roberson's Ky, Crim. Law and Procedure, vol. 2, sec. 963, p. 1069; Ervine v. Comth., 5 Dana, 216.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant appears to have been arrested under a warrant from the court of Ed Meglemery, a justice of the peace for Jefferson county, charging her with a breach of the peace.  The trial took place in the justice's court without the intervention of a jury, and, upon her plea of guilty, that court rendered a judgment of conviction whereby her punishment was fixed at a fine of $100 and 50 days imprisonment in jail. The judgment recites that its execution would be suspended 10 days "upon the request and motion of the defendant."  Below the judgment are these words and signature: "I have read the above judgment, and it meets with my approval.  Louise Bullock Holtman." Shortly after the rendition of the foregoing judgment appellant prosecuted an appeal therefrom to the circuit court.  In the latter court appellant, upon or be-

fore the calling of the case for trial, moved to withdraw the plea of "guilty" made by her in the magistrate's court, and offered to enter the plea "not guilty." At the same time counsel for the Commonwealth moved for a judgment against her on the face of the papers. The circuit court overruled both motions, and, upon its own motion, dismissed the appeal. Appellant thereupon entered motion to set aside the order of dismissal and for a trial of her appeal, filing in support thereof her affidavit to the effect that she would, if afforded the opportunity, prove that she did not voluntarily enter in the magistrate's court the plea of guilty; and that such plea, as well as the entry on the records of that court expressing her approval of the judgment rendered by the magistrate, was made under fear and duress. Her motion, however, was overruled by the circuit court, and, from the order dismissing the appeal in that court, she prosecutes the present appeal.

The dismissal of the appeal by the circuit court was error. Even if the appellant had not attempted to withdraw the plea of guilty after the case reached that court, she nevertheless had a right to introduce evidence to mitigate the punishment; the magistrate having gone to the maximum limit in fixing it, both as to fine and imprisonment. As said in Cornelison v. Commonwealth, 84 Ky. 592, 8 Ky. Law Rep. 794, 2 S. W. 236: "When the plea of guilty has been entered, the Commonwealth to increase, and the defendant to mitigate the punishment, has the right to introduce testimony to enable the jury (or court) to render a true verdict (or judgment) when making the inquiry as to the extent of the punishment." Mounts v. Commonwealth, 89 Ky. 277, 12 S. W. 311, 11 Ky. Law Rep. 474. We are of opiinon, however, that appellant's

plea of guilty in the justice's court did not prevent her taking an appeal to the circuit court, or deprive her of the right to a trial in that court upon the charge contained in the warrant originating in the justice's court; and, if entitled to a trial in the circuit court, she had the right at any time during the trial, and before judgment was rendered in that court, to withdraw the plea of guilty previously entered in the justice's court, and in lieu thereof enter a plea of not guilty. Criminal Code of Practice, section 366, provides: "Upon the appeal the case shall be tried (in the circuit court) anew, as if no judgment had been rendered, and the judgment shall be considered as affirmed if judgment for any amount be rendered against the defendant, and thereupon he shall be adjudged to pay the costs of the appeal." If there can be in the circuit court a trial de novo, it necessarily follows that the defendant (appellant) upon or before entering into the trial in that court should and must enter his plea to the warrant, which in the instant case could only have been a plea of "guilty" or "not guilty." The right of appeal in such a case as this is conferred by section 362, Criminal Code of Practice, which provides: "If a judgment against a defendant on a trial before a county judge, or in a justice's court, or in a city or police court, unless otherwise provided in the statute, creating or regulating it, be for imprisonment or for a fine of $20.00 or more, he shall have the right to appeal to the circuit court of the county in which the judgment is rendered." The manner of taking the appeal is regulated by section 364, but neither in that section, those supra, or any other of the Criminal Code of Practice or Kentucky Statutes of 1903, have we been able to find a provision restricting a defendant's right of appeal to the circuit court from a judgment of con--

viction for a misdemeanor rendered in the county, police, or a justice's court to cases in which the plea in such inferior courts was "not guilty." In other words, the law does not seem to forbid an appeal to the circuit court by the defendant where his conviction in the court of inferior jurisdiction resulted from a plea of "guilty." .

Assuming the law to be as stated, and the appellant, by reason of the appeal, to be entitled to a trial de novo of her case in the circuit court, that court should have sustained her motion to withdraw the plea of guilty which had been made in the justice's court and allowed her to enter the plea of "not guilty;" for her right to enter that plea might have been exercised at any time during her trial in the circuit court and before judgment, even had she first entered in that court a plea of guilty; but in the latter case it would have been necessary to first withdraw the plea of guilty. The right of a defendant to change his plea as we have indicated as given by section 174, Criminal Code of Practice, which provides: "At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted." Instead of restricting the right conferred by this section, it seems to have been the policy of this court to enlarge it; for in Mounts v. Commonwealth, supra, it was held that "a plea of guilty may be withdrawn even after verdict, a new trial being granted for that purpose, if it appear that the defendant was induced to enter the plea by the threats or promises of the court or attorney for the Commonwealth, and thereby overreached or deceived."

We omit consideration of appellant's complaint that the plea of guilty entered by her in the justice's court was made under circumstances of duress, as we think

she was entitled, independently of that contention, to change her plea in the circuit court. If, however, on the trial that may follow the return of this case to the circuit court, the Commonwealth should introduce as evidence, tending to prove her guilty of the offense charged in the warrant, the plea entered by appellant in the justice's court, she should be permitted to prove the facts, if any, constituting the alleged duress under which the plea of guilty was obtained from her.

For the reasons indicated, the judgment of the circuit court is reversed and case remanded, that appellant may, as contemplated by her appeal and directed by this opinion, have a trial in that court under the charge contained in the magistrate's warrant.