## Holtman v. Bullock.

(Decided February 16, 1911.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Second Division).

Malicious Prosecution—Action For—Plea of Estoppel.—One who entered a plea of guilty in a prosecution for a breach of the peace and was fined $100 and sentenced to fifty days in jail under a promise that if she did confess her guilt and a judgment was rendered against her it would be suspended and never collected, and afterwards on appeal she was again tried and acquitted, is not estopped from bringing a suit for malicious prosecution against one whom she alleged in her petition knew she was not guilty, and that she entered the plea of guilty under his direction while in jail.

D. MOXLEY for appellant.

D. R. CASTLEMAN and PRYOR & CASTLEMAN for appellee.

Opinion of the Court by Judge Nunn—Reversing.

This action was brought by appellant against appellee for malicious prosecution. The petition was in the usual form. The answer denied the malicious prosecution and alleged that after appellant was arrested under a warrant procured by appellee for breach of the peace, she confessed her guilt and was fined $100.00 and sen-tenced to fifty days imprisonment in the county jail which was suspended by written request, for ten days, and appellee pleaded such action upon her part as a bar to this proceeding.

The facts of the case, as they appear in the record, are about these: Appellee procured a warrant for the arrest of appellant to be issued by Squire Meglemery, and after her arrest she was carried to the county jail and there, by the direction and consent of appellee, she was told that if she did not confess she would have to remain in jail, but that if she would confess a penalty would be assessed against her but would be suspended and never collected. Under these circumstances, she did confess and a judgment was rendered as stated, and, she afterwards learning that it was suspended for only ten days, appealed to the circuit court. That court decided that she could not change her plea and dismissed the appeal and she then prosecuted it to this court which reversed the action of the circuit court.. (Holtman v. Commonwealth, 129 Ky., 710; 112 S. W., 851). After the case was remanded she was tried in the circuit court for a breach of the peace and acquitted. She then brought this action. She alleged that she entered her plea of guilty while in jail, to the offense of a breach of the peace when she was not guilty, and that she entered such a plea under the directions and consent of appellee who knew she was not guilty of any offense. The lower court sustained appellee's plea in bar, and she has appealed. The only question to be determined in whether a plea of guilty made under the circumstances alleged in this case, is a bar to a suit for malicious prosecution for that of-fense. Both parties cite the case of Duerr v. Ky. & Ind. Bridge & R. Co., 132 Ky., 228; 116 S. W., 325, as author-ity for their position. Appellee cites from the opinion in that case the following:

"But the appellant completely closed the door of the courts to his petition for redress when he admitted that

he had pleaded guilty to a charge that was made unjustly, as he avers, against him.''

The appellant in that case pleaded guilty after the advice of counsel of his own selection; it is nowhere shown nor intimated that the appellee had anything to do with making or getting him to confess. That is unlike this case, as the appellant herein was in jail and had no opportunity of seeing a friend or any one for advice, and she alleged that appellee consented to and directed this method of obtaining her confession. The court also said in the case above cited:

''There is, however, an exception to the rule that a judgment of conviction is conclusive evidence of the fact that there was probable cause for the prosecution, and this exception is that if the accused alleges in his petition that the prosecution and conviction were procured by fraud, corruption or perjured evidence, and supports these allegations by sufficient evidence, he may notwithstanding the conviction, maintain his action and recover damages for the malicious prosecution.''

And again it is said:

''But, if he can prove that the judgment of conviction against him was unjustly obtained, thereby in effect establishing his innocence, notwithstanding the judgment, he will occupy in the eyes of the law the same position as if he had been discharged or acquitted.''

A number of cases are cited to support these views which we believe to be correct, and if the judgment of confession was obtained from appellant as she alleged in her petition, it is no bar to this proceeding, and if she can show that the prosecution of her in the criminal court was malicious and without probable cause, she can maintain this action.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.