## Johnson v. Commonwealth.

(Decided June 8, 1934.)

O. P. ROPER and H. GRAHAM DAVIS for appellant.

BAILEY P. WOOTTON, Attorney General, H. HAMILTON RICE, Assistant Attorney General, E. J. FELTS and J. D. STANDARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

James Johnson seeks by this appeal to reverse a judgment sentencing him to death for the murder of Pearline Young. The indictment was returned Monday, March 26, 1934. On the following Friday Johnson was arrested. On the next Tuesday, April 3, he was put upon trial. When he was arraigned, he pleaded "not guilty." Being unable to employ counsel, the court appointed two members of the bar to defend him. The jury was selected, and the next record is this:

"Thereupon the defendant in open court, by his attorney entered a plea of 'guilty.'"

No evidence was heard or argument had. The jury was instructed to fix his punishment at death or confinement in the penitentiary for life in their discretion. They fixed it at death. On April 5 he filed a motion and grounds for a new trial, and on April 6 he moved to withdraw the plea of "guilty" and to be allowed to enter a plea of "not guilty." Both motions were overruled. That was error. By section 173 of the Criminal Code of Practice it is provided:

"The plea of guilty can only be entered by the defendant himself in open court."

He did not do so. He pleaded "not guilty," and that plea was never withdrawn either expressly or inferentially by him. At common law a defendant was required to plead in person. We find but two cases where pleas were made by the attorney for the accused and the conviction was sustained. In State v. Blake, 5 Wyo. 107, 38 P. 354, after defendant's counsel had an-

nounced he would plead guilty, the judge then asked the prisoner if he wished to enter a plea of guilty, and the prisoner "nodded his head." In People v. Manriquez,. 188 Cal. 602, 206 P. 63, 20 A. L. R. 1441, the defend-- ant was unable to speak English; his counsel com- municated with him through the medium of an inter- preter; the attorney announced the defendant would. plead guilty, and, when the defendant had been asked by the interpreter, he replied through him, "I have been. guilty all the time." We do not regard these cases as. announcing a contrary rule; in fact we feel it can be said these men personally pleaded "guilty." All other cases require the plea to be made in person and not by attorney, but, if all of them were the other way and we had two of three of our own the other way, we would have to overrule them and say the plea must be made. in person. Section 173 of the Criminal Code of Prac- tice is mandatory, and its language could not be plainer.. One who desires to read authorities on the question is referred to 8 R. C. L. p. 109, sec. 74, p. 114, sec. 82, p. 115, sec. 83; 16 C. J. pp. 400 and 401, secs. 734 and 735;. State v. Hill, 81 W. Va. 676, 95 S. E. 21, 6 A. L. R. 687;. Com. v. Shrope, 264 Pa. 246, 107 A. 729, 6 A. L. R. 690;. Cassidy v. State, 201 Ind. 311, 168 N. E. 18, 66 A. L. R.. 622; Tucker v. U. S. (C. C. A.) 196 F. 260, 41 L. R. A. (N. S.) 70; and to notes following these cases. Our own cases of Mounts v. Com., 89 Ky. 274, 12 S. W. 311,. 11 Ky. Law Rep. 474, Little v. Com., 142 Ky. 92, 133 S.. W. 1149, 34 L. R. A. (N. S.) 257, Ann Cas. 1912D, 241,. and Holtman v. Com., 129 Ky. 710, 112 S. W. 851, con-- tain nothing to the contrary.

A plea of guilty is a confession of everything charged in the indictment, and the court should not ac- cept such a plea except from the defendant in person.. The court should know the defendant was fully advised of the gravity of the plea and is competent to make it. See Com. v. Battis, 1 Mass. 95, and Cassidy v. State,. 201 Ind. 311, 168 N. E. 18, 66 A. L. R. 622.

Judgment reversed.

The whole court sitting.