## Kidd v. Commonwealth.

(Decided Sept. 28, 1934.)

T. B. CULTON for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

At the January term of the Whitley circuit court, the appellant, Malcom Kidd, was by its grand jury indicted under section 1164, Kentucky Statutes, for the of-

fense therein condemned of feloniously breaking into and entering the storehouse of Edith Taylor with the felonious intent to steal therefrom articles of value. Also at the same term it returned four other indictments for felony against him, the nature of which is not disclosed by the record. The Hon. C. B. Upton was employed by the appellant to represent him in the trial of these charges.

Upon the call of the cases for trial upon the eleventh day of the same term of court, after a conference had between appellant's attorney and the commonwealth's attorney, it was agreed between them that the commonwealth would dismiss four of these five felony charges against him if the defendant would plead guilty to the indictment for storehouse breaking. The appellant, when informed of the offer and upon the advice of his counsel insisting that he accept the offer, elected to plead guilty to this charge, whereupon the jury upon such plea, under the instruction of the court, returned a verdict finding the defendant guilty and fixing his punishment at two years' confinement in the penitentiary. Judgment was entered thereon, and pursuant to the agreement, upon motion of the commonwealth, the four other pending indictments against appellant were ordered stricken from the court's docket.

Thereafter the appellant, having for personal reasons, not disclosed by the record, effected a change of attorneys and employed the Hon. T. B. Culton to represent him in the further proceedings desired to be taken in his trial, on the 19th day of same term by his new counsel filed motion to set aside the verdict and judgment formerly rendered and grant him a new trial upon the ground of newly discovered evidence. In support of his motion he filed his own affidavit, wherein he recited that when arrested upon the storehouse breaking charge, there was found on his person the check in evidence, which the commonwealth's witness Edith Taylor stated had been taken from her store when broken into upon the occasion charged, and that such circumstance of its finding on him was the only evidence the commonwealth had against him pointing to his guilt of the offense; that he had since the trial discovered two new witnesses who would give their affidavits stating that they had upon a certain night seen a boy give the defendant (here the appellant) the check in evidence,

which was the same check which the same boy had earlier in the same day presented and requested them to cash for him, which they had refused to do, when this boy, other than the defendant, had admitted to them that he had taken the check from the Taylor store when he had broken into it for the purpose of stealing a slot machine, which he didn't get. Further appellant stated that upon his trial he had pleaded guilty, not voluntarily but under the coercion of his then attorney's insistence, who advised him that unless he would make a plea of guilty he would publicly abandon his defense upon all the five charges pending against him, which would prejudice him before the jury and cause the pushing of the prosecution of the four other indictments against him, and that it was through the fear of such result that he was induced by the advice of his attorney to plead guilty to the store-breaking charge.

The trial court after considering appellant's motion and grounds for a new trial overruled same, when, upon motion of the commonwealth's attorney and its own motion, it further ordered that the four other felony indictments, previously ordered stricken from the docket upon appellant's then having pleaded guilty, be re-docketed thereon.

The appellant, complaining both of this ruling and also of the court's overruling of his motion for a new trial, prosecutes this appeal seeking a reversal.

In support of his contention for a reversal, the appellant relies upon the provisions of section 271 of the Criminal Code of Practice and subsections 6 and 7 thereof, which are as follows:

"The court in which a trial is had upon an issue of fact may grant a new trial, if a verdict be rendered against the defendant by which his substantial rights have been prejudiced, upon his motion, in the following cases: * * *

"6. Newly discovered evidence. If the defendant have discovered important evidence in his favor since the verdict.

"7. Unfair trial. If from the misconduct of the jury, or from any other cause, the court be of opinion that the defendant has not received a fair and impartial trial."

Appellant contends that he was entitled to the new

trial asked upon the grounds of the newly discovered evidence, as set out in his supporting affidavit, and also that he had failed to receive a fair trial by reason of the court's refusal to allow him a new trial to the end that he might withdraw his plea of guilty, which he contends he made under force of the alleged coercive circumstances stated. He argues that the right to a new trial for withdrawing his plea, even after judgment upon his entered plea of guilty, is given him under the rule announced in Holtman v. Commonwealth, 129 Ky. 710, 112 S. W. 851, 852. However, a reading of the cited case, relied on as supporting his claim in this, very clearly shows that the rule therein announced as to the defendant's right to withdraw his plea of guilty after judgment and to be awarded a new trial heard upon a plea of not guilty falls far short of going so far or declaring so general a rule as to warrant the giving of such relief to the appellant under the far different facts and circumstances of his case from those found in the Holtman Case, from which the defendant quotes in support of his contention as follows:

"The right of a defendant to change his plea as we have indicated is given by section 174, Cr. Code Prac., which provides: 'At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted.' Instead of restricting the right conferred by this section, it seems to have been the policy of this court to enlarge it; for in Mounts v. Commonwealth, supra [89 Ky. 277, 12 S. W. 311, 11 Ky. Law Rep. 474], it was held that 'a plea of guilty may be withdrawn even after verdict, a new trial being granted for that purpose, if it appear that the defendant was induced to enter the plea by the threats or promises of the court or attorney for the commonwealth, and thereby overreached or deceived.' "

In the Holtman Case, the court only held that where a plea of guilty was entered upon trial in the justice's court for disturbing the peace, the making of such plea therein did not prevent the accused from appealing to the circuit court nor there deprive her of the right to a trial de novo as expressly provided for by Criminal Code of Practice sec. 366, and therefore, it being there a de novo trial, the court should have sustained her

motion to withdraw the plea of guilty, which had been made in the justice's court, and allowed her to enter the plea of not guilty, as it was her right to enter that plea at any time during her trial in the circuit court before judgment, even had she there entered a plea of guilty, since under section 174 she had the right to withdraw her plea of guilty at any time before judgment during her trial in the circuit court. Nor does the rule as to this announced in the later case of Little v. Commonwealth, 142 Ky. 92, 133 S. W. 1149, 1151, 34 L. R. A. (N. S.) 257, Ann. Cas. 1912D, 241, afford appellant any stronger support of his contention of a right to a new trial. While the court there had before it a case wherein the defendant was granted a new trial and held entitled to withdraw his plea of guilty even after judgment, it was so held expressly upon the ground that appellant's plea was made not voluntarily but under the duress of threatening danger and fear. In that case the court said:

"It is true that appellant pleaded guilty to the charge against him. But, what else could he have done? He had suddenly presented before him while confined in the county jail the alternative of being hung by a jury or by a mob. Being advised that he must make a quick choice between the two, he selected the jury as the least objectionable instrument of death. Surely he cannot be bound by his election and plea made under these circumstances."

While section 174 of the Criminal Code of Practice provides that at any time before judgment, the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted, such right of the withdrawal of the plea does not extend, by the very terms of the provision, beyond the entering of judgment. Nor, according to the general rule, will the court so exercise its judicial discretion by allowing the withdrawal of the plea after sentence, unless it appears that the accused's consent to plead guilty was unwillingly given and made under circumstances of fear, deceit, or coercion. The general rule governing the right of a defendant to withdraw his plea of guilty, even after judgment is entered thereon, both as it exists in this jurisdiction and generally, is well discussed and stated in the case of State v. Layer, 48 N. D. 366, 184 N. W. 666, at page 671, as follows:

"It is true, as contended by the defendant in his brief, that under the Constitution, one charged with crime is entitled to a trial by the jury, that he is presumed innocent until proven guilty, and that the state must prove him guilty beyond a reasonable doubt. It is likewise true that the defendant is the only person who can waive such rights. It is the law, however, in this state that the defendant has the right to waive, and the state to receive such waiver on the defendant's plea of guilty, and that upon such plea he may lawfully be convicted and imprisoned. It is likewise true that such waiver of such privilege must be a voluntary one, and free from all duress, fear, intimidation, and coercion; that is, he must not be induced or compelled to make his plea of guilty by reason of threats, or in any way forced to do so. In other words, his plea must be free and voluntary.

"The appellant has cited a long list of authority which sustains this principle. Among others is Sanders v. State, 85 Ind. 318, 44 Am. Rep. 29; Little v. Commonwealth, 142 Ky. 92, 133 S. W. 1149, 34 L. R. A. [N. S.] 257, Ann. Cas. 1912D, 241; State v. Calhoun, 50 Kan. 523, 32 P. 38, 18 L. R. A. 838, 34 Am. St. Rep. 141. There is no doubt of the correctness of the legal principle stated in the above authorities, and other authorities to like effect cited by the defendant. The rule there stated is the well-settled and general rule. It does not, however, apply to the case at bar. In those cases it was either admitted or established by competent proof that the plea of guilty was entered while the accused was under duress, or that it was procured by intimidation or coercion; in other words, it was not a voluntary one. Here, however, that condition does not exist. The proof entirely fails to show that the defendant was under duress, or that he was intimidated, coerced, threatened, or abused and maltreated, and thus induced to enter his plea of guilty. On the contrary the proof is quite conclusive that his plea was a voluntary one. If it could be established by competent proof that the defendant had by any means been coerced into entering his plea, or if any means were used to put him in fear, or if by fraud he was deceived, or if for any legal cause his plea was not free and voluntary when entered, all the proceed-

ings thereafter occurring including his conviction and sentence would be a nullity."

In the instant case, as well as in the cited case here quoted, the proof entirely fails to show that the defendant was under duress or that he was intimidated, coerced, threatened, or abused, and was thereby induced to enter his plea of guilty. On the contrary, the proof is, as set out in his own affidavit, that he made the plea under advice of counsel and because he feared that the other indictments pending against him would be pushed in their prosecution against him. Such were the influences which induced him to voluntarily elect to enter the plea of guilty and take a light sentence, as was given, to avoid the hazard of incurring heavier penalties, upon being tried on the four other felony indictments pending against him. Certainly his election under such circumstances to plead guilty does not satisfy the requirements of the rule as above stated that the plea must be entered by the prisoner under circumstances of danger, coercion, etc., sufficiently showing that the plea was not voluntarily made to entitle the defendant so pleading to withdraw, after judgment, his plea of guilty and secure a new trial. Among numerous other cases so declaring this rule, see Swang v. State, 2 Cold. (Tenn.) 212, 88 Am. Dec. 593; Sanders v. State, 85 Ind. 318, 44 Am. Rep. 29; People v. Miller, 114 Cal. 10, 45 P. 986; Little v. Commonwealth, 142 Ky. 92, 133 S. W. 1149, 34 L. R. A. (N. S.) 257, Ann. Cas. 1912D, 241.

Yet another ground which may be here stated why the appellant should not prevail in his contention that the court prejudicially erred in overruling his motion for a new trial is that he filed only his own affidavit in support of his motion therefor, which is not under the rule of this jurisdiction sufficient to authorize the granting of a new trial, as it requires that the supporting affidavits of the newly discovered witnesses, or witness, as to what the newly discovered evidence is, be filed. This rule is thus stated in the late case of McIntosh v. Commonwealth, 209 Ky. 203, 272 S. W. 423, 424, prepared for the court by Judge Clark, wherein it is said:

"Appellant's contention that the court erred in refusing to grant a new trial upon the ground of newly discovered evidence is wholly without merit. In support of his motion, appellant filed only his

own affidavit as to what Harrison Jones and Charley Estes would state upon a new trial. * * *

"Besides, defendant did not support his own affidavit by affidavits of either of the alleged newly discovered witnesses, without which, under the well-established rule in this state, he was not entitled to a new trial. Bowling v. Commonwealth, 148 Ky. 9, 145 S. W. 1126; Woodford v. Commonwealth, 154 Ky. 818, 159 S. W. 567; Brennon v. Commonwealth, 169 Ky. 815, 185 S. W. 489; Fleming v. Commonwealth, 175 Ky. 655, 194 S. W. 788; Johnson v. Commonwealth, 188 Ky. 391, 222 S. W. 106."

Guided by the applicable rule and legal principles announced in the above-cited cases, we feel no doubt in our conclusion reached that the appellant has utterly failed to show himself entitled to withdraw his plea of guilty after judgment was pronounced upon the verdict returned upon his plea or that he was entitled to a new trial upon the insufficient showing of newly discovered evidence to the effect that he had learned of two witnesses who would testify that the appellant was himself in error when he pleaded he was guilty of the charged offense of store breaking, for the reason, they would testify, that some boy, other than the defendant, had admitted to them that he had committed this offense and was seen by them giving the incriminating check to the appellant, an adminicle of his guilt and of appellee's innocence.

The appellant further contends that the court erred in redocketing the four other indictments pending against him upon his filing his motion for a new trial, and for seeking to withdraw his plea of guilty, which he had entered in pursuance of an agreement made with the commonwealth's attorney, and that the court by so doing penalized him for not abiding by this agreement to plead guilty to the one indictment if the court would file away the other four, which it had accordingly done.

Section 243 of the Criminal Code of Practice provides that:

"The attorney of the Commonwealth, with permission of the court, may, at any time before the case is finally submitted to the jury, dismiss the indictment as to all or a part of the defendants, and such dismissal shall not bar a future prosecution for the same offense."

Construing this section of the Code, it is held that the court may in its discretion sustain or overrule a motion by the commonwealth's attorney to dismiss an indictment for felony. Commonwealth v. Davis, 169 Ky. 650, 184 S. W. 1121. The term "judicial discretion," as here used, has been defined to be "an impartial discretion, guided and controlled in its exercise by fixed legal principles; a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to defeat the ends of substantial justice." 3 Words and Phrases, First Series, 2098. However, the question with which we are here concerned is not one as to the propriety of the criticized exercise of the court's judicial discretion in ordering under the authority given by section 243, supra, the four dismissed indictments reinstated upon the docket as penalizing the appellant for withdrawing his plea of guilty, nor as to his guilt under them, as he is not being here tried under any of the dismissed indictments, and such question, if any there be, may be more appropriately considered and determined if and when it arises and is presented upon complaint of error committed upon trial under them. It is here sufficient to state that after a careful consideration of the whole record, our conclusion is that the appellant has had a fair trial, without prejudice done any of his substantial rights by reason of the criticized rulings of the court therein made.

The judgment is affirmed.