# Williams v. Commonwealth.

January 16, 1948.

As extended on Denial of Rehearing March 26, 1948.

Moore & Pittman for appellant.

Morris C. Montgomery for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On April 7, 1947, T. J. Taylor, Police Judge of the city of Liberty, Kentucky, issued a warrant for the arrest of the appellant, R. D. Williams, in which he was charged with driving an automobile on State Highway No. 70 in the town of Liberty while drunk. On the same day appellant appeared before the city judge and entered a plea of guilty to the charge made in the warrant, whereupon he was fined the sum of $100 and costs. On April 10, three days after the police court judgment was rendered, he prosecuted an appeal to the Casey circuit court. At the following term of that court the Commonwealth's Attorney moved to dismiss the appeal which the court overruled when defendant entered a plea of not guilty. A trial was then had in which the jury failed to agree, and it was discharged. The

Commonwealth's Attorney then renewed his motion to dismiss the appeal which the court sustained and dismissed appellant's appeal. In due time he filed a transcript of the record in this court with a motion for an appeal which motion is now sustained, and the appeal is granted.

It therefore is made to appear that the presiding judge of the Casey circuit court sustained the Commonwealth's motion to dismiss the appeal upon the ground that the appellant had entered a plea of guilty in the police court of the city of Liberty, and that he gave a check for the amount of the fine, but which we conclude was and is clearly and unmistakably erroneous.

Besides text authorities we, in the case of Holtman v. Commonwealth of Kentucky, 129 Ky. 710, 112 S. W. 851, under facts parallel in principle to those in this case, held that an appellant convicted of a misdemeanor in a court inferior to the circuit court upon a plea of guilty may on appeal to the latter court enter a plea of not guilty, which is logically based upon the principle that a trial in the circuit court is a de novo one and that a change from a plea of "guilty" to one of "not guilty" may be made, under the provisions of section 174 of the Criminal Code of Practice, at any time before judgment, although the plea of guilty was entered in the same court in which it was sought to be withdrawn. Therefore, when appellant prosecuted his appeal to the Casey circuit court his case occupied the same status as if the charge against him had been preferred by an indictment returned in that court, all of which is discussed in the case of Kidd v. Commonwealth of Kentucky, 255 Ky. 498, 74 S. W. 2d 944. The opinion in that case also refers to the Holtman case with approval.

In the latter case the correct rule of practice in cases similar to this one is thus stated (129 Ky. 710, 112 S. W. 852):

"In other words, the law does not seem to forbid an appeal to the circuit court by the defendant where his conviction in the court of inferior jurisdiction resulted from a plea of 'guilty.'

"Assuming the law to be as stated, and the appellant, by reason of the appeal, to be entitled to a trial de

novo of her case in the circuit court, that court should have sustained her motion to withdraw the plea of guilty which had been made in the justice's court, and allowed her to enter the plea of 'not guilty;' for her right to enter that plea might have been exercised at any time during her trial in the circuit court and before judgment, even had she first entered in that court a plea of guilty; but in the latter case it would have been necessary to first withdraw the plea of guilty.''

The cases and text authorities cited and relied on by counsel for appellee are not applicable to the facts of this case, since the question involved and determined by them was whether or not a defendant, after conviction and judgment in a court having jurisdiction, had the right to have the judgment set aside and to withdraw his plea of guilty and enter one of not guilty without showing that he was induced to enter his plea of guilty under fraud, duress, or promise of favors to be conferred. No conviction of appellant was had in the Casey circuit court which, as we have seen, possessed de novo jurisdiction of the case, and his plea of guilty was entered only in the police court of the city of Liberty.

But it is argued that the order of the court dismissing the appeal was correct because appellant gave a check for the payment of the amount of the fine and costs, which counsel insists was payment and satisfaction of the judgment. Whether or not payment of the judgment would deprive the appellant of the right to prosecute an appeal to the circuit court need not and is not determined under the facts of this case. After issuing the check and before it was presented to the bank on which it was drawn for payment appellant directed the bank to not pay it, presumably because he had concluded to appeal the case to the circuit court. His direction was obeyed and the check was never cashed and therefore did not constitute a settlement of the judgment.

Wherefore, the judgment is reversed with directions to set aside the order dismissing appellant's appeal and allow him to enter a plea of not guilty, and for further proceedings consistent with this opinion.