## Literell v. Commonwealth.

(Decided Nov. 20, 1936.)

TANNER OTTLEY for appellant.

GUY H. HERDMAN, Assistant Attorney General, for appellee.

236

The year 1935 was the centennial anniversary of the formation of Clinton county in this Commonwealth. Its citizens, and particularly those of Albany, its county seat, concluded to celebrate the occasion during the week beginning August 26 of that year. The program for the 28th day of August was made up of a number of speeches to be made by distinguished persons each of whom was invited to so participate. Local Chapter No. 10 of the Disabled American Veterans assumed the task of sponsoring the celebration, including the carrying out of the program for the 28th of August. The appellant, Mose H. Literell (to whom we shall hereafter refer as defendant), was not only the Commander of the local chapter of the D. A. V., but he was likewise chairman of the committee of arrangements for the celebration. As the holder of such position he invited the speakers for the occasion, practically all of whom were persons of more than state-wide reputation. In the letter of invitation that he wrote to each of them, it was distinctly and emphatically stated that it was against the rules and by-laws of the chapter sponsoring the celebration to promote, permit, or indorse any political discussion, and that each speaker must refrain therefrom if he accepted the invitation, but they might choose and address themselves to whatever subject they pleased so long as it was nonpolitical.

One of the invited, and who accepted, was the nominee of one of the political parties of the state for a state office, and according to the undisputed proof in the record he almost immediately on beginning his speech commenced making a political one to the assembled host, and which could be heard not only by the people in the courthouse where it was made, but likewise by others on the outside through a speaking arrangement which Literell and his committee had installed for the purpose, a part of which was a microphone in front of the speaker. As soon as the speaker, who was alleged to have been disturbed, began his political speech, defendant and some members of his committee had a hurried meeting in some portion of the courtroom and concluded to write a note to a Mr. J. A. Allen, who seems to have been on the platform or near to the speaker, requesting that he (Allen) inform all other speakers to observe the understanding and to desist from making

political speeches. Upon the receipt of that note, signed by Literell as chairman of the committee, Allen immediately handed it to the speaker, who invited the one who wrote it to come forward to the stand; whereupon defendant responded to the invitation. Witnesses say that a few whispered words passed between the two, and defendant then turned his face to the audience with one of his hands holding the microphone staff, intending to explain to the crowd the cause of the interruption and confusion, when he was seized by bystanders, including some of the county peace officers, and violently carried out of the courtroom into the county judge's office, where a warrant was issued for him accusing him of the offense denounced in section 1267a of Baldwin's 1936 Edition of Carroll's Kentucky Statutes. That section makes it a misdemeanor to interfere with any person "making a public speech or addressing a public audience within this state" and penalizes the offense by the assessment of a fine of not less than fifty nor more than five hundred dollars, or imprisonment in the county jail not less than one nor more than six months, or both within the discretion of the jury.

At his trial before the county judge, defendant was convicted and fined the minimum of $50. He prosecuted an appeal to the Clinton circuit court and at the trial therein he was fined $300. His motion for a new trial was overruled, followed by the filing of a transcript of the record in this court with a motion for an appeal. More than one ground for reversal is argued in brief of counsel for defendant, but we deem none of them material, and therefore unnecessary to be mentioned or discussed, except the one complaining of the court failing to properly instruct the jury; it being its duty in a criminal prosecution to give to the jury the whole law of the case whether requested or not. Within that ground there is presented by the testimony two omissions of the court relied on as errors: (1) The failure of the court to peremptorily instruct the jury to acquit defendant, but if unwarranted in that, then (2) its failure to instruct the jury on the only defense interposed by defendant embodying, as he claims, and as we think correctly, a legal excuse for the acts he committed on the occasion.

The witnesses for the commonwealth in relating what occurred on the immediate occasion state no facts other than what we, have related, i. e., that defendant

was requested by the speaker to come forward to the speaker's stand, and when he did so he took hold of the staff of the microphone and faced the audience as though he expected to say something, when members of the audience and local peace officers present seized him, with the consequences we have outlined. The speaker did not appear as a witness, and defendant testified to his excuse, consisting in a mere acceptance by him of the speaker's invitation to come forward, followed by his effort towards and intention to make the explanation for the confusion as we have hereinbefore stated. No one contradicted his testimony. On the contrary, so far as the testimony of other witnesses went, it corroborated defendant's statements as to the facts. In the absence of some contradictory proof, we are of the opinion that his action in the premises was excusable and that the requested peremptory instruction for his acquittal should have been given, and that it was the duty of the court to have given it even without a request to do so, under the well-established rule that the court must in criminal prosecutions give to the jury the whole law of the case.

However, if it were otherwise and there was any testimony contradicting the excuse embodying the only defense interposed, it would then have been incumbent upon the court to submit that defense to the jury as a part of the whole law of the case. The commonwealth in combating the latter proposition says that the general instruction given to the jury by the court was sufficient and fully complied with the rule requiring the whole law of the case to be submitted in the instructions. That general instruction said to the jury that if it believed from the evidence beyond reasonable doubt "within twelve months before the finding of the indictment" (issuing the warrant it should have been) the defendant "did willfully and unlawfully interrupt ———— while speaking to an audience in the courthouse at Albany, Kentucky, in the manner described in the indictment and in the evidence," then he should be convicted and punished according to the terms of the statute within the discretion of the jury. The only other instruction was one upon reasonable doubt. In the first place, the leading instruction No. 1, to which we have referred, should have followed the statute in submitting to the jury the acts necessary to defendant's guilt, and such conduct should not have been referred to by the lan-

guage therein of "in the manner described in the indictment and in the evidence."

But passing that error and taking up for determination the contention of Commonwealth's counsel, we find that in numerous cases from this and other courts the correct rule in such circumstances and conditions is declared to be that: "Ordinarily, and in the general run of cases, the rights of a defendant in a criminal prosecution are completely protected by the giving of general instructions under a plea of not guilty, and that is universally so where defendant denies the facts constituting the offense with which he is charged." Morgan v. Commonwealth, 242 Ky. 116, 45 S. W. (2d) 850, 851. A later case to the same effect is Tyree v. Commonwealth, 253 Ky. 823, 70 S. W. (2d) 930, and two of the leading prior cases to the Morgan Case, approving the same rule, are Gibson v. Commonwealth, 204 Ky. 748, 265 S. W. 339, and the same case on the second appeal reported in 209 Ky. 101, 272 S. W. 43.

In our opinion rendered in the Morgan Case, after stating the general rule embodied in the excerpt supra taken therefrom, we said: "But where he [defendant] admits such facts, and then interposes a legal excuse therefor having legal effect to exonerate him from criminal intent, his excuse should be submitted to the jury in concrete form." Here, as we have seen, defendant admitted practically every material fact testified to by the witnesses for the Commonwealth and offered as an excuse therefor (and which excuse was not denied by any witness) the facts that we have related. According to them the speaker had been notified and at least impliedly promised not to make a political speech for the reasons given, but when he undertook to do so defendant as chairman of the arrangements committee and as commander of the D. A. V. local Lodge did not interrupt him or interpose any objections other than to seek to notify subsequent speakers to observe the conditions so imposed. The speaker whom the testimony shows was violating those conditions then invited him to the stand, and it clearly was no offense to obey that invitation. After he arrived there, he did nothing, according to the testimony, except to make an effort to explain what had occurred and the reason for its occurrence. We do not interpret that conduct as coming within the provisions of the section of the statute upon which the prosecution is based. If there should be an issue made in the testi-

mony as to the excuse given by defendant in his testimony, then it would be the duty of the court to submit that issue, and if the jury should find that defendant did no more than what he testified to, then and in that event the jury should find him not guilty. Nothing less than such submission, if the testimony authorized it, would comply with the defendant's right to have the whole law of the case given to the jury.

The rule under which that right is given, as approved in the cited domestic cases, is strictly analogous to the right of a defendant in a prosecution for homicide, or the infliction of other personal injuries, to interpose his right of self-defense when he admits the commission of the acts with which he is charged. In such circumstances he admits the doing of the acts, but relies as an excuse therefor on his right of self-defense, and there is no more ground for upholding that right when the excuse is self-defense than when it consists of any other legal one for committing the admitted acts. It is entirely unlike the situations where we have refused to direct or approve concrete instructions on alibis, and other defenses of a similar nature, wherein the accused on trial *denied altogether* the commission of the acts constituting the offense for which he was being prosecuted. In support of defendant's right to act in the manner he described in his testimony, reference is made to the text in section 26 on page 1395 of 18 C. J.

Wherefore, the motion for an appeal is sustained and the appeal is granted; the judgment is reversed, with directions to set it aside; to sustain the motion for a new trial, and for proceedings consistent with this opinion.

The whole court sitting, except Justice Richardson, who was absent.