## Roberts v. Commonwealth.

Oct. 8, 1940.

Franklin P. Stivers, Judge.

Roy W. House for appellant.

Hubert Meredith, Attorney General, and Harry D. France, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Beve Roberts, Ace Gilbert, Lige Smallwood, and Roscoe Henson were indicted jointly for unlawfully having in their possession spirituous, vinous, malt or other intoxicating liquors in local option territory. Roberts was tried and convicted, and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 30 days. He has prayed an appeal and seeks a reversal of the judgment chiefly on the ground that the evidence was insufficient to take the case to the jury, and that his motion for a peremptory instruction should have been sustained. It is also suggested that the indictment is defective.

It is impossible to determine from the indictment

whether it was intended to charge a violation of section 52 of the Alcoholic Control Act (Section 2554b-150, Kentucky Statutes, 1938 Supp.) or Section 18 of the Local Option Law (Section 2554c-18, Kentucky Statutes). Section 2554b-150, Kentucky Statutes, 1938 Supp., provides that:

"It shall be a criminal offense for any person to manufacture, store, sell, purchase, transport or otherwise in any manner traffic in alcoholic beverages as that term is defined in this Act, without first having paid to the Department of Revenue at its office in Frankfort, the license tax required by this Act, and without first having obtained the license required by this Act."

And Section 2554c-18, Kentucky Statutes, provides that:

"Whenever prohibition shall have become effective under the provisions of this Act through the adoption by a majority vote, it shall be unlawful for any person in such local option territory to sell, barter, loan, give, procure for or furnish another, or keep or transport for sale, barter or loan directly or indirectly, any spirituous, vinous or malt liquors, or intoxicating liquor, as defined in Section one (1) of this Act."

It will be noted that neither of these sections makes the mere possession of intoxicating liquor an offense. Under both sections, the possession must be for the purpose of trafficking in the liquor in some manner. The indictment charges appellant with unlawfully having in his possession intoxicating liquor, but does not charge that he had it for the purpose of sale or for any other unlawful purpose. It is unnecessary to determine the sufficiency of the indictment, since we have concluded that appellant's motion for a peremptory instruction should have been sustained.

D. L. Gibson, sheriff of Clay county, and Jack Jarvis were the only witnesses introduced by the Commonwealth. Gibson testified that he saw Roberts, Gilbert, Smallwood, and Henson in an automobile, and that one of them had a bottle turned up to his face. After he passed appellant and his companions, he stopped his automobile and went back to the automobile containing

the four men. As he approached the car one of the men threw a bottle on the side of the road. He was unable to say that either of the bottles he had seen contained intoxicating liquor. Lige Smallwood was riding in the rumble seat of the automobile, and the sheriff took from him a half pint of liquor. He did not say whether this was liquor upon which the tax had been paid or was moonshine. The testimony of Jack Jarvis was substantially the same as the testimony of Gibson.

The court instructed the jury under Section 2554b-150, Kentucky Statutes, 1938 Supp. The penalty for a violation of this section is a fine of not less than $100 and not more than $5,000 or imprisonment not to exceed five years, or both such fine and imprisonment. Section 2554b-195, Kentucky Statutes, 1938 Supp. There was no evidence that appellant had possession of intoxicating liquor for any of the purposes prohibited by either of the sections of the Statutes heretofore quoted. It follows that the trial court erred in overruling appellant's motion for a peremptory instruction.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to grant appellant a new trial.