## McWhorter v. Commonwealth.

June 25, 1943.

Sylvester V. Little for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The appeal has been prayed from a judgment of conviction for the unlawful possession of untax paid

whiskey in local option territory. The indictment charges the defendant with the offense of ''unlawfully and willfully possessing spirituous, vinous, malt or other intoxicating liquors, towit: what is commonly known as moonshine liquor, untax paid in local option territory.'' The arresting officer testified that on the 23rd day of April, 1943, he arrested the defendant in a drunken condition upon a public highway in Laurel county, and found upon his person less than one-half pint of intoxicating liquor, which was, in his opinion, ''moonshine whiskey.'' Both federal and state excise tax stamps were affixed to the bottle containing the whiskey.

The indictment fails to charge the whiskey was kept or was being transported for sale. It therefore was not sufficient to charge the defendant with the crime denounced by KRS 242.230 which provides that it shall be unlawful for any person in dry territory to sell, barter, loan, give, procure for or furnish another, or keep or transport for sale any alcoholic beverage. Rowe v. Commonwealth, 283 Ky. 367, 141 S. W. (2d) 284; Baker v. Commonwealth, 284 Ky. 92, 143 S. W. (2d) 842; Howard v. Commonwealth, 285 Ky. 486, 148 S. W. (2d) 336. Nor is the indictment sufficient to charge the defendant with the crime denounced by KRS 243.840 which provides that it shall be unlawful for any person to knowingly possess any alcoholic beverage not bearing the stamp required to evidence tax payment. There being no other provision of the statutes prohibiting the possession or transportation of whiskey, the indictment fails to charge a public offense. That being true, the court erred in overruling defendant's motion for a peremptory instruction. Baker v. Commonwealth, supra.

The judgment is reversed.

Whole court sitting.