# Bray v. Commonwealth.

October 1, 1946.

J. M. Lyttle for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant was charged with violation of KRS 242.-230. The descriptive portion of the indictment alleges that "Burley Bray did on the 13th day of May, 1946, in the county and state aforesaid, and within 12 months of the finding of the indictment, unlawfully possess alcoholic beverages, unlawfully acquired and intended to be used unlawfully; to-wit; one pint of red whiskey, in local option territory."

A trial resulted in a verdict of guilty; a fine of $50 and 30 days' imprisonment, and judgment was entered accordingly. Appellant moves for appeal and that the judgment be reversed, because (1) The indictment fails to charge a public offense; (2) The court erred in not sustaining appellant's motions made at the close of the evidence for a verdict in his favor, because of failure of proof and deficient indictment.

The chief of police of Manchester testified that he arrested Bray because he was drunk, and after his arrest searched him and found three-fourths of a pint of red whiskey. A fellow policeman testified likewise. Bray admitted that the policeman took from him nearly a pint of whiskey. He said that he had recently gone to Hamilton, Ohio, to get a job, but due to the strike situa-

tion he failed and started home. He stopped in Lexington, Kentucky, and "feeling bad," he bought the whiskey from a licensed liquor store; he said he had no intention to sell it, and, as brought out on cross-examination, he bought it to drink, and drank most of it. This was all the evidence.

The assistant attorney general frankly concurs in appellant's contention that the judgment should be reversed, because of the faulty indictment and proof showed that the liquor was not possessed for the purpose of sale, barter or transportation, but for personal use after being lawfully acquired, and we concur.

The statute under which the indictment was drawn provides: "No person shall possess any alcoholic beverage unless it has been lawfully acquired and is intended to be used lawfully * * *." Subsection (1) reads: "No person in dry territory shall sell, barter, loan, give, procure for or furnish another, or keep or transport for sale, barter or loan, directly or indirectly, any alcoholic beverage." In Settles v. Commonwealth, 294 Ky. 403, 171 S. W. 2d 999, we held that an indictment was defective in failing to charge that the beverage must have been possessed for the purpose of sale, barter, loan or transported for one of those purposes. We said that one may have in his possession, keep or transport lawfully acquired alcoholic beverage for personal use without violating KRS 242.230, citing with approval Baker v. Commonwealth, 283 Ky. 92, 143 S. W. 2d 842. See also McWhorter v. Commonwealth, 294 Ky. 857, 172 S. W. 2d 628; Roberts v. Commonwealth, 284 Ky. 31, 143 S. W. 2d 856.

There was no evidence that Bray had a reputation for engaging in unlawful traffic; he was a soldier who had served more than five years in the Army, unsuccessful in obtaining work, "feeling bad," and, as he said, had acquired the whiskey from a licensed dealer near the bus station in Lexington; this for consumption, and not for traffic. There was no proof to the contrary, nor was there any circumstance indicative of any of the unlawful purposes set out in the law. He was entitled to a peremptory at the close of all the evidence. Roberts v. Commonwealth, 284 Ky. 31, 143 S. W. 2d 856.

The judgment is reversed.