# Sims v. Commonwealth.

October 19, 1948.

Lewis & Weaver for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

Appellant was indicted in the Laurel Circuit Court for the offense of "trafficking in alcoholic beverages unlawfully acquired and intended for an unlawful purpose in local option territory." He was found guilty by the jury and his punishment fixed at 30 days in jail and a fine of $50. In addition he was required to execute a peace bond for $1,000. He has filed in this court a motion for an appeal from that judgment.

He asks reversal of the judgment on three grounds: (1) the indictment does not charge a public offense; (2) the verdict was against the law and the evidence; (3) error in instructions to the jury. Since the case must be reversed on the second of these grounds, it is unnecessary for us to consider the others.

The only direct evidence for the Commonwealth was that given by Joe Bundy, a deputy jailer of Laurel County, who testified that appellant came to the jail to see some prisoners, Lee Morgan and two others; that he followed appellant upstairs and that when he got there appellant and Morgan were standing at the cage close together and appellant had his hand in his bosom; that he took him downstairs and found one-half pint of red whiskey on him; that Sims said he was trying to give Morgan a drink out of his bottle. Witness knew nothing of the general reputation of appellant as to whether or not he had been engaged in the sale of whiskey. Stanley Blankenship, sheriff of Laurel County, testified that the reputation of appellant for selling liquor was bad. This is all the testimony for the Commonwealth.

In his own defense appellant testified that on the day before he was arrested he bought two and one-half pints of liquor from a retail liquor store in Lexington for his own personal use, not for sale; that he had one-half pint of this whiskey when he went to visit Lee Morgan and the others at the jail; that while talking to Morgan, deputy jailer Bundy asked him if he had any whiskey to which he said "Yes" and the deputy jailer took it from him and locked him up. On cross-examination, and over objection of defendant's counsel, he was asked by the Commonwealth Attorney if Lee Morgan and the others whom appellant went to see at the jail were all there for liquor violations.

In his brief the Attorney General concedes that the Commonwealth erred to the prejudice of defendant's substantial rights in presenting evidence to the jury over defendant's objections to the effect that other persons who were in jail at the time were confined for liquor violations. He concedes that this evidence had nothing whatever to do with the guilt or innocence of appellant

and no doubt prejudiced appellant in the eyes of the jury.

After a careful reading of all the evidence in the case, which is very brief, we are of the opinion that it fails to show that appellant had in his possession alcoholic liquor for sale or for any purpose other than for his own use. We agree with the Attorney General who in his brief frankly says: "The defendant's motion for a directed verdict should have been sustained since there was absolutely no evidence of defendant's guilt. The most that can be said is that when appellant was arrested at the jail by the deputy jailer, he had in his possession one half pint of whiskey and that just prior to his arrest this officer had seen him standing against the cage of the jail talking to Lee Morgan, one of the prisoners, and the defendant had his hand in his bosom. There is no evidence that defendant had any traffic with Morgan or with anyone else involving this one half pint or that Morgan ever had his hands on it or a drink of it or the offer to buy it or the defendant offered to sell or otherwise to dispose of it and no proof of gift, barter, sale or exchange or change in possession. Even if it could be said that such competent evidence as the Commonwealth had, tended to shift the burden to defendant to explain his actions, this he did successfully by explaining in his testimony that he bought the whiskey in Lexington from a regular dealer for his own use."

We have often held that mere possession of alcoholic liquor is not a violation of Section 242.230, KRS, one of the most recent cases being that of Bray v. Commonwealth, 302 Ky. 846, 196 S. W. 2d 725.

For the reasons herein indicated, appellant's motion for appeal is sustained and the judgment is reversed for further proceedings consistent with this opinion.

Judgment reversed.