## Hollon v. Commonwealth.

December 1, 1950.

Ervine Turner, Judge.

Leebern Allen for appellant.

A. E. Funk, Attorney General and Wm. F. Simpson, Assistant Attorney General for appellee.

JUDGE THOMAS—Reversing.

The grand jury of Wolfe County returned an indictment in which appellant was accused of violating the statutes relating to the possession of intoxicating liquors. He was convicted and fined $150 and given sixty days in jail. He has filed the Clerk's transcript in this court with a motion for an appeal, which is now sustained and the appeal granted.

The indictment in its entirety reads: "The Grand Jury of Wolfe County in the name and by the authority of the Commonwealth of Kentucky, accuse Earl Hollon of the offense of unlawful possession of untaxed whiskey. Committed as follows: That said Earl Hollon in the county aforesaid and within one year next before the finding of this indictment did unlawfully have in his possession one pint of moonshine whiskey, intoxicating liquor, upon which no tax had been paid to either the United States, or the State of Kentucky; the said de-

fendant at that time having no license to manufacture or possess such alcohol against the peace and dignity of the Commonwealth of Kentucky.''

It accuses appellant with unlawful possession of untaxed alcoholic liquors, which was moonshine whiskey. That statement in the indictment is very confusing, since neither the State nor the Federal Government taxes the traffic in unlawfully manufactured alcoholic drinks. The liquor was found on a search warrant in a pint bottle located out in the yard of appellant's residence near a well and covered with an old dirty rag. The indictment does not charge and the evidence fails to show that the moonshine liquor thus found on the recently acquired premises without a revenue stamp on it was *knowingly* possessed by the defendant, which is the offense denounced in the statutes, KRS 243.840.

In the case of McWhorter v. Commonwealth, 294 Ky. 857, 172 S. W. 2d 628, we held that an indictment which failed to accuse the defendant therein of *knowingly* possessing intoxicating liquor was defective and failed to charge a public offense. No such necessary allegations are contained in the instant indictment, and the court should have sustained defendant's demurrer filed thereto, but which was overruled. Further demonstration of the insufficiency of the indictment, as well as the erroneous conviction of appellant, could be shown were it necessary. It, therefore, follows that the judgment is erroneous for more than one reason and that we have no alternative, except to reverse it, which is accordingly done, with directions to set it aside and for proceedings consistent with this opinion.