## HUNTER v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 18, 1951.

994 ■ ■

for use either medical, mechanical, scientific or sacramental purposes."

The indictment was under KRS 242.230, a part of the local option law. The appellant has confused the charge as being under a different statute which covers the illegal possession of untaxed intoxicating liquor in territory where the local option law has not been adopted. KRS 243.840. See McWhorter v. Commonwealth, 294 Ky. 857, 172 S.W.2d 628. Notwithstanding the omission from the accusatory of the statement that the liquor was possessed for purpose of sale, when read as a whole, the indictment is good and sufficient. Rose v. Commonwealth, 294 Ky. 279, 171 S.W.2d 435.

■ The search warrant under which officers·found and seized the liquor was issued by Hon. Ervine Turner, Circuit Judge. It had been duly returned to him and then delivered to the county judge, in whose office it was lost. Proof concerning the existence of the warrant and its sufficiency was enough. Other questions need not be noticed.

■ The defendant and his partner operated a country store, soft drink stand and filling station. The officers did not tell where they found the liquor on the premises, but the defendant testified that the 32 bottles were concealed under his bed; that they were jointly owned by himself and his partner, and the liquor was for his personal use. Perhaps realizing the significance of the concealment, the defendant added that his memory was very bad as to where the liquor had been found. In addition to this, several witnesses testified that defendant's reputation was that of a bootlegger. The argument that. the evidence was not sufficient to submit the case of his guilt fails because the circumstances taken together authorized the jury to infer that the liquor was possessed for purpose of sale rather than personal consumption.

■ The instruction submitted the question of guilt upon the jury believing from the evidence beyond a reasonable doubt that the defendant "had been proven guilty of illegally having in his possession whiskey as is charged and set out in the indictment." There was nothing more ex-

Williams & Allen and James S. Hogg, all of Jackson, for appellant.

A. E. Funk, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

■ The accusatory of the indictment merely charges the appellant, Martin Hunter, with "the offense of unlawfully possessing intoxicating liquor in local option territory." The description states in sufficient terms he possessed 32 half pints of whiskey for purpose of sale. It also adds the superfluous statement "the Grand Jury state that said alcohol was possessed for the purpose of being used as a beverage and not

cept the penalty which might be imposed. The error in the instruction is readily apparent. It has been often ruled that instructions should substantially follow "the language of the indictment." Whitaker v. Commonwealth, 188 Ky. 95, 221 S.W. 215, 10 A.L.R. 145. But we have never ruled that a mere reference to the indictment, or its charges, rather than as a constituent part of the instructions is proper. Such an instruction was condemned in Literell v. Commonwealth, 266 Ky. 235, 98 S.W.2d 909. The instructions should submit the elements of the offense as contained in the indictment. Taylor v. Commonwealth, 256 Ky. 667, 76 S.W.2d 923. The error in the present case is most pronounced. The record shows that the reading of the indictment was waived, so the jury did not even know what it charged.

The judgment is reversed.