Harve PADGETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 14, 1956.

Opinion on Denial of Rehearing

Feb. 22, 1957.

H. K. Spear, Somerset, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Harve Padgett moves for an appeal from a judgment of conviction of the offense of possession, in dry territory, of alcoholic beverages unlawfully acquired, under which he was fined $100 and sentenced to 30 days in jail. The transcript of evidence is not a part of the record, but the indictment recites that the alcoholic beverage in question was moonshine whiskey.

Padgett maintains that his demurrer to the indictment should have been sustained because the indictment failed to charge that the whiskey was knowingly possessed, and it failed to charge that the whiskey was possessed for sale.

Subsection 3 of Sec. 126 of the Criminal Code of Practice provides: "An indictment need not allege that the offense was committed or the act done * * * 'knowingly' * * *, nor need it otherwise characterize the manner of the commission of the offense, unless such characterization is necessary to charge the offense under section 122."

Here the indictment contained a statement of the acts constituting the offense sufficient to enable a person of common understanding to know what was intended and with such a degree of certainty as to enable the court to pronounce judgment on conviction. The indictment was, therefore, sufficient under Sec. 122.

McWhorter v. Commonwealth, 294 Ky. 857, 172 S.W.2d 628 and Hollon v. Commonwealth, 314 Ky. 191, 234 S.W.2d 671, cited by Padgett, are distinguished in so far as they require that the possession be with knowledge. In each instance the sufficiency of the indictment was being tested under KRS 243.840 wherein it is expressly provided that in a prosecution for possession of alcoholic beverages not bearing the stamp required to evidence tax payment, the possession must be with knowledge. Here no attempt was made to charge a crime under KRS 243.840. See Click v. Commonwealth, Ky., 247 S.W.2d 371.

Furthermore, the descriptive part of the indictment as it appears in the record does charge that the defendant did possess the alcoholic beverages "unlawfully" and "willfully."

KRS 242.230 provides:

"(1) No person in dry territory shall sell, barter, loan, give, produce for or furnish another, or keep or transport for sale, barter or loan, directly or indirectly, any alcoholic beverage.

"(2) No person shall possess any alcoholic beverage unless it has been lawfully acquired and is intended to be used lawfully, and in any action the defendant shall have the burden of proving that the alcoholic beverages found in his possession were lawfully acquired and were intended for lawful use."

The indictment in the present case, charging possession of alcoholic beverages which had been unlawfully acquired, appears to fall squarely under subsection (2) of KRS 242.230. This Court has not previously construed this subsection, but has limited its tests of the sufficiency of indictments to subsection (1) wherein the possession must be for sale.

In Nobel v. Commonwealth, Ky., 295 S.W.2d 343, at page 345, this Court said:

"* * * We have held that an accusation of mere 'illegal possession' in dry territory is no charge of a crime.

See Bray v. Com[monwealth], 302 Ky. 846, 196 S.W.2d 725; Baker v. Com[monwealth], 284 Ky. 92, 143 S.W.2d 842. Without an allegation that the liquor was possessed *for sale* (or for some other of the illegal purposes set forth in KRS 242.230) no offense is made out. * * *"

Padgett construes this opinion as holding that possession cannot constitute an offense under KRS 242.230 unless the possession is for sale. This construction entirely ignores the parenthetical phrase in the above quotation from the opinion.

As we construe KRS 242.230, possession of liquor in dry territory constitutes an offense if (1) it is for sale, barter or loan, or (2) if the liquor was unlawfully acquired, or (3) if the liquor is intended to be used unlawfully. The Nobel case holds merely that a charge of "illegal possession" alone, with no description of the nature of the illegality, is insufficient.

It is our opinion that subsection (2) of KRS 242.230 defines an offense of possessing liquor unlawfully acquired, and that the indictment here adequately charged that offense.

Since this case involves a question of first impression, we have felt that a written opinion was warranted.

The motion for an appeal is overruled and the judgment is affirmed.