**Avery IRVIN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 17, 1958.

Hollis E. Edmonds, Russell Springs, George O. Bertram, Campbellsville, for appellant.

Jo M. Ferguson, Atty. Gen., and William F. Simpson, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Avery Irvin appeals from a judgment by which he was fined $100 and sentenced to 30 days in jail on a charge of transporting intoxicating liquor for the purpose of sale in violation of the Local Option Law then in force in Taylor County.

Appellant, upon being arrested for speeding, was found to have thirty-six quarts of beer, forty-eight cans of beer, ten pints of whiskey, twenty half pints of whiskey and two fifths of peach brandy. He was convicted solely upon testimony establishing that he was in possession of the beer, whiskey and brandy and was transporting it in local option territory. He testified that he had purchased the liquors from a

legal distributor in Lebanon and was taking them home for his own personal use.

He contends first, that the trial court erred in not sustaining his motion for a directed verdict and second that the trial court erred in not affirmatively instructing the jury on his defense of possession for personal use.

■ This appellant was charged with violating KRS 242.230(1) by transporting alcoholic beverages for purpose of sale and this Court holds that mere possession of alcoholic beverages does not constitute a violation of this provision of the act. This Court makes no distinction between possession and transporting. In either event it must be shown that liquors were had for the purpose of sale. Proving mere possession does not prove this purpose and the court erred in not sustaining the motion for directed verdict. Roberts v. Commonwealth, 284 Ky. 31, 143 S.W.2d 856; Bray v. Commonwealth, 302 Ky. 846, 196 S.W. 2d 725; Sims v. Commonwealth, 308 Ky. 281, 214 S.W.2d 400.

■ Appellant testified that he was a disabled veteran receiving a pension of $284 per month and that he used the beverages consistently to relieve congestion in his throat and lungs. Appellant's sole defense was that he had purchased the liquors for his personal use and consumption. Had the evidence warranted a submission to the jury it would have been the court's duty, by appropriate instruction, to have submitted this defense to the jury. Failure to do so is reversible error. Gossett v. Commonwealth, Ky., 295 S.W.2d 338; Hammons v. Commonwealth, Ky., 252 S.W.2d 51.

The attorneys handling this appeal for the Commonwealth forthrightly agree that appellant's position is sound on each of the grounds offered for reversal.

For the reasons stated the judgment is reversed for proceedings not inconsistent with this opinion.