Draxie O. HOLBROOK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 2, 1959.

Harry M. Caudill, Whitesburg, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Draxie O. Holbrook, was tried in the Letcher County Court under a warrant which charged her with having "committed the crime offense of transporting al-coholic beverages in dry territory" and was fined $20 and sentenced to 30 days confinement in jail. She appealed to the Circuit Court and a trial resulted in a $50 fine and a sentence of 30 days in jail. She appeals.

On December 3, 1958, appellant drove to Neon to do some shopping. She was accompanied by her adult daughter, two infant grandchildren and two women who lived in her neighborhood. After shopping, they drove to Pound, Virginia, where at a state-owned liquor store they purchased a quantity of intoxicating liquor. They later testified that each of the women bought 12 pints of whiskey and, in addition, appellant purchased two fifths of wine and a bottle of apple brandy.

On the way home, at Jenkins, the parties were stopped by two state troopers who charged appellant with driving at the rate of 35 miles per hour in a 20 mile per hour zone. The officers testified that they arrested Mrs. Holbrook and then demanded that she unlock the trunk compartment of her car which she refused to do. Thereupon, she was directed to drive to a nearby garage and the officers asked the operator if he could make a key. He could not, but suggested that they could gain entrance to the trunk compartment by removing the back seat of the car. Then appellant, fearing damage to her automobile, produced the key and the intoxicating liquor was found.

A warrant was obtained from the Letcher County Quarterly Court, apparently under KRS 242.230, although the language used in the warrant fails to satisfy the requirements of that section. At the trial in the Quarterly Court she received the sentence referred to in our first paragraph. She later appealed to the Circuit Court where the penalty was slightly increased.

It is contended that the trial court erred in (1) failing peremptorily to instruct the jury to find her not guilty and (2) permitting the commonwealth to show that appellant had entered a plea of guilty in the Quarterly Court.

The appellant and all of the women in the car testified that the liquor had been legally purchased in the State of Virginia and was being transported to their homes and for their own personal use. There is nothing in the record which indicates their possession of the alcoholic beverages in dry local option territory was for the purpose of sale and neither was there any evidence that appellant had a bad reputation for trafficking in intoxicating liquor.

■ Consistently since the enactment of the present local option law this Court has held that mere possession of alcoho'ic beverages in local option territory does not constitute an offense. Roberts v. Commonwealth, 284 Ky. 31, 143 S.W.2d 856; Bray v. Commonwealth, 302 Ky. 846, 196 S.W.2d 725; and Sims v. Commonwealth, 308 Ky. 281, 214 S.W.2d 400.

We have also held that it is not a criminal offense to transport alcoholic beverages by either public or private conveyance into dry territory for personal use. Commonwealth v. Trousdale, 297 Ky. 724, 181 S.W.2d 254.

Both of the above axioms were clearly reiterated in Irvin v. Commonwealth, Ky., 317 S.W.2d 178, 179, where the almost identical facts raised the same question of law as is raised here.

We said:

"This Court makes no distinction between possession and transporting. In either event it must be shown that liquors were had for the purpose of sale. Proving mere possession does not prove this purpose and the court erred in not sustaining the motion for directed verdict."

■ The Attorney General who briefed this case was compelled, under the opinions above cited, to agree with appellant's contention that no crime had been committed. The Court should have directed a verdict of not guilty.

Because of the foregoing ruling a decision on the second point concerning the commonwealth's right to prove that appellant had entered a plea of guilty in the Quarterly Court is perhaps unnecessary, but both parties to this appeal have requested a ruling and clarification because of the dearth of authority on this point.

Section 366 of the Criminal Code of Practice provides as follows:

"Upon the appeal the case shall be tried anew, as if no judgment had been rendered, and the judgment shall be considered as affirmed if judgment for any amount be rendered against the defendant, and thereupon he shall be adjudged to pay the costs of the appeal."

Section 174 reads:

"At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

We have held in Holtman v. Commonwealth, 129 Ky. 710, 112 S.W. 851, and Williams v. Commonwealth, 307 Ky. 37, 209 S.W.2d 477, that on appeal the trial is de novo and the defendant is entitled to enter a plea of not guilty regardless of the nature of the plea in the court below.

The general nature of proceeding on appeal was defined in Dressman v. Commonwealth, 204 Ky. 668, 265 S.W. 3, when we said:

"In the circuit court the trial proceeds in all respects as if the prosecution had originated there; evidence must be introduced; the defendant must be shown by competent evidence to be guilty before he may be convicted; and he has the same right, and no more, he would have had if the prosecution had been originated in that court. The circuit court on such appeals is therefore not a court of purely appellate jurisdiction, but under the provisions of the code referred to is, notwithstanding its statutory jurisdiction of the appeal, only a trial court.

Its authority is not limited to passing upon any alleged errors committed by the inferior court, but it in all respects has charge of the case as if no trial had previously taken place."

It appears, therefore, that it has been the intention in such cases to wipe the slate clean and permit the defendant a trial unprejudiced by any action which may have occurred during the rather informal proceeding usually had in a justice or quarterly court. If the intention were otherwise, the circuit court would be permitted only to review matters of error, such as is the duty of this court in review of the circuit court's rulings.

In the Holtman case, in passing, and not in decision of the principal issues, the court used language which indicated that it might be proper to introduce proof of a plea of guilty in the inferior court; but we do not consider this language binding upon us because in such a case, as here, the trial would be diverted from the principal issue, that is, was the defendant guilty or not guilty, to one concerned largely with the determination of what happened on the previous trial. For instance, in the Holtman case, it was indicated that if the commonwealth introduced evidence of a plea of guilty, the accused would have the right to show that the plea of guilty was coerced and in the instant case there is a suggestion that when appellant Holbrook admitted that the liquor was in her car, this fact was taken as a plea of guilty to the warrant and judgment was entered accordingly.

■ Since a defendant may at any time before judgment withdraw a plea of guilty, even in the circuit court, we do not believe the ends of justice would be served by trying the collateral issue of whether the accused pled guilty or not guilty at some time during the trial in the inferior court. We are of opinion, therefore, that the trial in the circuit court in all respects should be de novo and that evidence of the type of plea on behalf of the defendant in the inferior court is incompetent and should be excluded from consideration.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.