**D. C. (Doc) DILLON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1959.

Vernon Faulkner, S. M. Ward, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

This case is before us on motion for an appeal from a judgment convicting defendant of possessing and selling untaxed moonshine whiskey without a license. The punishment imposed by the jury was a fine of $100.

Reversal is sought on the ground that the court erred in failing to sustain the demurrer to the indictment. The accusatory part of the indictment charges defendant with the offense of selling whiskey without a license, while the descriptive part alleges possession of untaxed whiskey for the purpose of sale without a license. The indictment is defective for the reason that no public offense is charged, and because Sections 122 and 124 of the Criminal Code of Practice require that the criminal charge against defendant be described by language that is direct and certain, so as to apprise the accused of the offense charged. Elliott v. Commonwealth, 194 Ky. 576, 240 S.W. 61.

The indictment does not sufficiently state the charge of selling whiskey because the names of the purchasers are

not stated, and for the reason it is not stated that the purchasers' names are unknown. In Johnson v. Commonwealth, 299 Ky. 72, 184 S.W.2d 212, it was held that no public offense was charged where the indictment failed to name the persons to whom the liquor was sold or to allege that the purchasers' names were unknown to the grand jury.

In the brief filed on behalf of the Commonwealth it is correctly stated that a person possessing and selling moonshine whiskey in wet territory is subject to prosecution on two offenses. One is selling whiskey without a license (KRS 243.-020), and the other is knowingly possessing alcoholic beverages not bearing the stamp evidencing tax payment (KRS 243.840). On the former charge the indictment must allege the name of the purchasers or state that their names are unknown to the grand jury. On the latter charge an indictment is fatally defective and does not charge a public offense unless it is alleged that the accused "knowingly" possessed the alcoholic beverages. Hollon v. Commonwealth, 314 Ky. 191, 234 S.W.2d 671; McWhorter v. Commonwealth, 294 Ky. 857, 172 S.W.2d 628. However, in local option territory it is an offense to possess moonshine whiskey. Padgett v. Commonwealth, Ky., 299 S.W.2d 255. And it is not necessary to charge in the indictment brought pursuant to KRS 242.230 that the whiskey was "knowingly" possessed. Padgett v. Commonwealth, Ky., 299 S.W.2d 255.

Since it appears from the record that appellant is correct in his contention that the indictment was fatally defective, the court erred in failing to sustain appellant's demurrer.

The motion for an appeal is sustained and the judgment is reversed.